LUCAS, COMMISSIONER OF INTERNAL REVENUE, *v.* THE PILLIOD LUMBER COMPANY.

No. 356. Argued January 14, 1930.—Decided April 14, 1930.

*Assistant Attorney General Youngquist,* with whom Messrs. *Claude R. Branch, Sewall Key,* and *Barham R. Gary,* Special Assistants to the Attorney General, were on the brief, for petitioner.

*Mr. Henry M. Ward,* with whom *Mr. Herbert W. Nauts* was on the brief, for respondent.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

Using therefor what is known as " Form 1031T," on March 14, 1919, respondent, Pilliod Lumber Company, executed and filed with the Collector of Internal Revenue a tentative return and estimate of corporate income and profits taxes for 1918, signed and sworn to by its president and treasurer. At the same time it remitted $1,000, one-fourth of the estimated taxes, and requested an extension of forty-five days within which to present a final report as required by law.

May 31, 1919, it lodged with the Collector another return for 1918, made out upon Form 1120, which contained various statements in respect of gross income, deductions, credits, etc., but was not signed or sworn to by anyone.

In answer to a request from the Commissioner of Internal Revenue, respondent's president and treasurer swore to and filed with him, September 17, 1923, the following affidavit concerning the return of May 31—

" We, the undersigned, hereby affirm that our names should have appeared on our income tax return for 1918, and which to the best of our knowledge and belief is correct. We are unable to furnish duplicate signed report, being unable to locate copy, believing same to have been destroyed with other records."

Two years later—October 23, 1925,—the Commissioner notified the Company of a deficiency assessment amounting to $963.34. Affirming that any claim for such tax had been extinguished by the five-year statute of limitations it appealed to the Board of Tax Appeals. They held that neither the tentative return of March, 1919, nor the later unsworn one, was adequate to set the statute of limitations in motion and affirmed the Commissioner's ruling. The Circuit Court of Appeals concluded that the unsworn return was adequate and upon that ground reversed the action of the Board without expressing any opinion concerning the effect of the tentative return.

The Revenue Act of 1918, c. 18, 40 Stat. 1057, 1081, 1083, provides—

" Sec. 239. That every corporation subject to taxation under this title and every personal service corporation shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title. The return shall be sworn to by the president, vice president, or other principal officer and by the treasurer or assistant treasurer. . . .

" Sec. 250. (d) Except in the case of false or fraudulent returns with intent to evade the tax, the amount of tax due under any return shall be determined and assessed by the Commissioner within five years after the return was due or was made, and no suit or proceeding for the collection of any tax shall be begun after the expiration of five years after the date when the return was due or was made. In the case of such false or fraudulent returns, the amount of tax due may be determined at any time after the return is filed, and the tax may be collected at any time after it becomes due."

The Revenue Act of 1924, c. 234, 43 Stat. 253, 287, 299, 301, by Sec. 239 (a), requires corporations to make returns like those prescribed by the Act of 1918. Sec-

tion 277 (a) directs that except as provided in section 278, which relates to false or fraudulent returns, and certain subdivisions of sections 274 and 279, not presently important, taxes for 1921, and afterwards, shall be assessed within four years after return filed; also that taxes for 1918, etc., shall be assessed within five years after return filed. Section 280 declares—If hereafter the Commissioner determines that any assessment should be made in respect of any income, war-profits, or excess-profits tax imposed by the Revenue Acts of 1916, 1917, 1918, or 1921, the amount which should be assessed (whether as deficiency or as interest, penalty, or other addition to the tax) shall be computed as if this Act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand) as in the case of the taxes imposed by this title, except as otherwise provided in section 277.

Respondent maintains that the five-year statute of limitations began to run against the claim for 1918 taxes when the tentative return of March 14, 1919, was filed with the Collector, or when he received the unverified return, May 31, 1919, and therefore the deficiency assessment of October 23, 1925, was out of time.

The argument based upon the supposed effect of the first or tentative return is the same as that considered and rejected in *Florsheim Bros., etc.* v. *United States,* and *White, Collector,* v. *Hood Rubber Co.,* 280 U. S. 453.

That the so-called return of May 31, 1919, unsupported by oath, did not then meet the definite requirements of Section 239 is manifest. But respondent says the defect was cured or became immaterial since the tax officers accepted and held the return for several years, and in 1923 requested and obtained an adequate verification by the proper corporate officers.

Under the established general rule a statute of limitation runs against the United States only when they assent and upon the conditions prescribed. Here assent that the statute might begin to run was conditioned upon the presentation of a return duly sworn to. No officer had power to substitute something else for the thing specified. The return so long as it remained unverified by oath of proper corporate officers did not meet the plain requirements. The necessity for meticulous compliance by the taxpayer with all named conditions in order to secure the benefit of the limitation was distinctly pointed out in *Florsheim Bros., etc.* v. *United States, supra.*

The Board of Tax Appeals reached the proper result. The judgment of the court below must be reversed.

*Reversed.*