MARY LEE WINGER, EXECUTRIX OF THE ESTATE OF R. O. WINGER, PETITIONER, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 60330–60344.   Promulgated April 12, 1934.

*Charles E. Rendlin, Esq.*, and *Dulaney Mahan, Esq.*, for the petitioners.
*James H. Yeatman, Esq.*, for the respondent.

OPINION.

McMAHON: These are consolidated proceedings for the redetermination of the liabilities of the petitioners, as transferees, under section 280 of the Revenue Act of 1926, in respect of a deficiency of $3,522.47 in income tax for the year 1927 of the Aero Oil Co., a dissolved corporation.

There is no controversy concerning the correctness of the deficiency determined by the respondent, and the petitioners concede they are transferees of the assets of the dissolved corporation, liable as such for its tax to the extent of the assets received by each, provided assessment and collection are not barred. The sole issue is whether or not the tax, under the facts disclosed, is barred by the provisions of section 277 (a) (4) of the Revenue Act of 1926, as amended by section 503 of the Revenue Act of 1928.

The facts were stipulated by the parties, which stipulation in full is adopted as our findings of fact, and only so much thereof as is

[1] Proceedings of the following petitioners are consolidated herewith: D. H. Hafner, Jr.; George D. Clayton, Sr.; C. E. Rendlen; E. F. Mangels; J. W. Hood Estate; C. C. Harris; J. H. G. Grimaud; L. H. Quirk; C. D. Streeter; John Tumelty; R. & J. Rollins; Jerry M. Stack; J. R. Currier; and James Leach.

deemed necessary to an understanding of the conclusions reached by us is here set forth.

The Aero Oil Co. was a corporation organized under the laws of Missouri in 1919. In December 1927 the physical assets and good will of the corporation were sold for a cash consideration. On or about December 30, 1927, the stockholders of the corporation decided to have it dissolved, and the proper officers were directed to do all things necessary to effect dissolution. The former directors of the corporation were appointed trustees, and all the property of the corporation was turned over to them for the purpose of liquidation and distribution to the stockholders. An affidavit of dissolution was filed March 24, 1928, with the Secretary of State of Missouri, in accordance with Missouri law.

At the time the affidavit of dissolution was filed, there had been a distribution of $1.50 per share to the stockholders, and a small part of the corporate debts had been paid. Thereafter, all the corporation's debts, except the tax liability involved in these proceedings, were paid and all the remaining assets distributed to the stockholders pro rata. On such final liquidation, petitioners received as stockholders the additional amounts set out opposite their names below:

| Docket No. | Petitioner | Amount received | Docket No. | Petitioner | Amount received |
|---|---|---|---|---|---|
| 60330 | R. O. Winger Estate | $1,828.00 | 60338 | L. H. Quirk | $45,969.63 |
| 60331 | D. H. Hafner, Jr | 1,142.50 | 60339 | C. D. Streeter | 1,371.00 |
| 60332 | George D. Clayton, Sr | 5,712.50 | 60340 | John Tumelty | 11,425.00 |
| 60333 | C. E. Rendlen | 1,599.50 | 60341 | R. & J. Rollins | 1,142.50 |
| 60334 | E. F. Mangels | 1,599.50 | 60342 | Jerry M. Stack | 2,285.00 |
| 60335 | J. W. Hood Estate | 3,427.50 | 60343 | J. R. Currier | 2,045.07 |
| 60336 | C. C. Harris | 5,157.24 | 60344 | James Leach | 1,142.50 |
| 60337 | J. H. G. Grimaud | 7,997.50 | | | |

On March 15, 1928, the Aero Oil Co. filed with the collector of internal revenue a Form 1120 which purported to be its income tax return for the calendar year 1927 and disclosed no tax due.

On March 20, 1928, Rendlen & White, attorneys for the Aero Oil Co., addressed a letter to the collector of internal revenue at St. Louis, Missouri, reading in part as follows:

In re: Audit of AERO OIL COMPANY, HANNIBAL, MO.

The Aero Oil Co., a Missouri corporation located at Hannibal has dissolved and is winding up its affairs and in order to make final distribution of funds on hand, it desires that the Federal Government make an audit as quickly as same can be done to determine any tax liability of the Aero Oil Co. to the Government. We are writing you this letter as attorney for the Aero Oil Co., and if there be any other or further or more formal request necessary under your regulations we would be pleased to be advised thereof and if not, this will answer that purpose and we await with interest your reply and early attention to the matters herein.

The collector of internal revenue at St. Louis, Missouri, forwarded this letter to the Commissioner of Internal Revenue, and under date of April 5, 1928, C. B. Allen, Deputy Commissioner of Internal Revenue, by A. B. Niess, Head of Division, addressed a letter to Rendlen & White, reading in part as follows:

The Collector of Internal Revenue, St. Louis, Missouri, has forwarded to this office for attention your letter dated March 20, 1928, relative to an early determination of the income tax liability of the Aero Oil Company, Hannibal, Mo., a dissolved corporation.

You are advised that your request is receiving consideration but before you can receive further information it will be necessary for you to furnish this office with a power of attorney authorizing you to act in behalf of the Trustees in Dissolution together with documentary evidence showing the trustees' appointment.

On April 6, 1928, Rendlen & White, attorneys for the Aero Oil Co., addressed a letter to the collector of internal revenue at St. Louis, Missouri, reading in part as follows:

In re: AUDIT OF AERO OIL CO., HANNIBAL, MO.

Some days ago we wrote you a letter requesting if you would please to have an audit made, if your Department desired such, of the AERO OIL CO., which has filed certificate of dissolution and the Trustees of the undistributed assets desires to liquidate and distribute the same at the earliest possible moment and if the Government desires to or purposes to make an audit, we should like to have it done and if not, we should like to have your statement absolving this Company from any further claims on account of Federal income or other tax, so that the affairs of the Aero Oil Co., may be entirely completely liquidated. * * *

The letter of April 6, 1928, was forwarded by the collector of internal revenue at St. Louis, Missouri, to the Commissioner of Internal Revenue and on June 16, 1928, Rendlen & White, attorneys for the Aero Oil Co., addressed a communication to the Commissioner of Internal Revenue, reading in part as follows:

In re: IT: R: F: G: BD—AERO OIL COMPANY, HANNIBAL, MO.

In response to yours of April 5th, 1928, in reply to letter we wrote to the Collector of Internal Revenue in St. Louis, Mo., dated March 20th 1928 requesting an early determination of the income tax liability of the Aero Oil Company of Hannibal, Mo., a dissolved corporation, herewith enclosed you will find certified and verified copy of the minutes of the Aero Oil Company transferring its assets upon dissolution to liquidating trustees showing such trustees appointment, also herewith enclosed you will find power of attorney from said trustees through their Chairman and Secretary, authorizing the undersigned to act as their attorneys in the matter of having an early determination of tax liability; if it be for any reason these documents are not sufficient for that purpose, if you will indicate what other or additions are required they will be supplied.

The books of the Aero Oil Company are in storage here in temporary quarters of the liquidating trustees who are rapidly closing up the affairs of this dissolved corporation and the bookkeepers of the company are at present

employed in this community, but may at any time have employment elsewhere and it would be difficult and expensive to check up their tax liability, if any there be, and in order to have a final determination of any and all tax liability, satisfactory alike to your department and this dissolved corporation, it is desirable that a checking up and determination be arrived at speedily.

Accompanying the letter of June 16, 1928, was a power of attorney running from L. H. Quirk and J. H. G. Grimaud, liquidating trustees of the Aero Oil Co., to the law firm of Rendlen & White, composed of Charles E. Rendlen and Harrison White, appointing the firm as attorneys to act in behalf of the liquidating trustees in the matter of the determination of income tax liabilities of the Aero Oil Co.

Also accompanying the letter of June 16, 1928, was a certified copy of the minutes of a meeting of the board of directors of the Aero Oil Co. held on December 30, 1927, at which, as appears from the minutes, a resolution was adopted directing the proper officers to execute and file immediately all necessary papers to accomplish the dissolution of the company, and further directing that all the assets and records of the company be turned over to four former directors of the corporation, among whom were L. H. Quirk and J. H. G. Grimaud, as trustees for the stockholders and those beneficially interested in the corporation, the assets to be distributed to the stockholders from time to time as and when reduced to cash.

Under date of July 9, 1928, C. B. Allen, Deputy Commissioner of Internal Revenue, by A. B. Niess, Head of Division, addressed a letter to Rendlen & White, reading in part as follows:

Receipt is acknowledged of your letter dated June 16, 1928, relative to the income tax liability of the Aero Oil Company, Hannibal, Missouri.

You are advised that returns for the years up to and including 1927 have been audited, disclosing no further tax to be assessed. The case is regarded as closed unless subsequent information should be received which would materially change the amounts reported, in which event the Bureau will be obliged to redetermine the income tax liability.

The letters above set forth were written and duly mailed at the times and by the persons indicated thereby, and were duly received by the addressees.

During the month of August 1930 a revenue agent made an examination and audit of the books of account of the Aero Oil Co. and found that its income for the year 1927 was materially different from that reported in its return for that year, and that there was a deficiency in tax for 1927 of $3,522.47. This information was communicated to the respondent and a deficiency of $3,522.47 was assessed against the Aero Oil Co. on December 10, 1930. No part of this assessment has been paid.

The notices of deficiency asserting liability against the respective petitioners herein as transferees were duly mailed on September 4, 1931, and all were duly received by the respective addressees.

The corporation's return for the taxable year having been filed on March 15, 1928, the three-year period of limitation for the assessment of any additional tax, as provided in section 277 (a)(1) of the 1926 Act, expired March 15, 1931. Assessment of the tax against the corporation on December 10, 1930, therefore, was timely and, since the respondent had one year from that date, under section 280 (b)(1) of the same act, within which to assert transferee liability, the notices mailed to the petitioners in September 1931 were also timely.

The petitioners contend, however, that assessment of their liability as transferees is barred because assessment of the tax against the corporation was barred long prior to December 10, 1930, by virtue of a request for prompt assessment made under section 277 (a)(4) of the 1926 Act, as amended by section 503 of the 1928 Act.[2]

Respondent's position is that the letter of June 16, 1928, did not constitute a valid request within the requirements of the applicable statute, and hence was insufficient to start the running of the one-year period of limitation provided therein; and that if any valid request was made, it was prior to the enactment of the Revenue Act of 1928. Respondent's contentions, we think must be sustained.

The letter of June 16, 1928, written by Rendlen & White, as attorneys for the dissolved taxpayer corporation, addressed to the Commissioner of Internal Revenue, neither referred to the statute nor by implication made any specific request thereunder for a prompt determination or assessment of the corporation's tax liability. That letter contained no request of any kind for a determination or an assessment of the corporation's tax. The primary purpose as stated in this letter was to transmit to the Commissioner a certified copy of minutes of a directors' meeting of the Aero Oil Co., at which liquidating trustees were appointed to whom its assets were trans-

---

[2] SEC. 503. REQUEST FOR PROMPT ASSESSMENT.

Section 277 (a)(4) of the Revenue Act of 1926 is amended to read as follows:

"(4) In the case of income received during the lifetime of a decedent, or by his estate during the period of administration, or by a corporation, the tax shall be assessed, and any proceeding in court without assessment for the collection of such tax shall be begun, within one year after written request therefor (filed after the return is made), by the executor, administrator, or other fiduciary representing the estate of such decedent, or by the corporation, but not after the expiration of the period prescribed for the assessment of the tax * * *. This paragraph shall not apply in the case of a corporation unless (A) such written request notifies the Commissioner that the corporation contemplates dissolution at or before the expiration of such year; and (B) the dissolution is in good faith begun before the expiration of such year; and (C) the dissolution is completed; nor shall it apply in the case of income of a corporation or of an estate during the period of administration unless the written request is filed after the enactment of the Revenue Act of 1928."

ferred, and a power of attorney from the trustees authorizing Rendlen & White to act as their attorneys.

It is true that the letter of June 16, by way of identification only, referred to a prior letter written by the same attorneys, under date of March 20, 1928, to the collector at St. Louis, as a letter "requesting an early determination of the income tax liability" of the transferor; but we are not bound by such construction of the letter of March 20. We must put our own construction upon it. As we construe it the letter merely requested an "audit * * * to determine any tax liability" of the transferor. It did not "request" an "assessment" as contemplated by the amendment to the statute.

Furthermore, the letter of June 16 did not again present the same request for an "audit" or make a new request of any kind, and this letter was the only communication from the attorneys to either the Commissioner or the collector subsequent to May 29, 1928, the effective date of the Revenue Act of 1928.

It is clear, therefore, that no request was made in compliance with the statute subsequent to May 29, 1928, the date of enactment of the Revenue Act of 1928; and, since section 503, *supra*, by its express terms provides that it shall not apply in the case of income of a corporation "unless the written request is filed after the enactment of the Revenue Act of 1928", no request adequate to put the statute in motion was made.

Not only was the request for an "audit" contained in the letter of March 20, 1928, made prior to the enactment of the statute under and by virtue of which the petitioners now claim that their liability is barred, but on April 5, 1928, also prior to the enactment of the statute, the attorneys were advised by the deputy commissioner that such request was then receiving consideration.

Furthermore, the stipulated facts, we think, show that the attorneys for the dissolved corporation had no intention of requesting a determination or an assessment of tax liability under the statute in question, or of starting the running of the one-year period of limitation prescribed therein. It is clear that the respondent did not understand the request to be such, for he stated in his letter of July 9, 1928, that "The case is regarded as closed" unless subsequent information should be received which would materially change the amounts reported, "in which event the Bureau will be obliged to redetermine the income tax liability."

Where a taxpayer intends to claim the benefit of a special statutory limitation, such as we have here, on the Government's right to assess and collect a tax, the request for assessment within the specified period must meet all the statutory requirements and be sufficiently clear to put the Commissioner on notice of such intention; and the

taxpayer corporation in this proceeding failed to meet the requirements of the statute or put the respondent on notice. In the case of *Mrs. Niels (Mellie) Esperson, Executrix*, 13 B.T.A. 596, we held that a letter requesting an " audit " " at once " of the decedent's income tax returns covering years prior to his death, in order that the estate tax might be definitely determined, did not constitute the " specific request required by the statute," for a *determination and assessment* of such income taxes, under the provisions of section 250 (d) of the Revenue Act of 1921, and that the deficiency was " not barred because of a failure of the Commissioner to make such determination and assessment within one year [the limitation of time prescribed in the statute after such request was made]." In our opinion at page 607, we said:

It is to be noted that the letter in question contains no reference to the section of the statute in question, nor shows on its face that it purported to claim the benefit of this special statute of limitations. * * * Subsequent events tend to confirm the conclusion that the letter of January 7, 1924, was not intended as a request of the character contended for. The record indicates that the revenue agent's examination requested in this letter was submitted on July 1, 1924. Whether any action was taken between this date and February 16, 1925, we do not know, but on this last named date Newton wrote another letter similar in character to the one of January 7, 1924. * * * In neither case was any mention made of the section of the statute of which the petitioner now claims the benefit, nor suggestion offered from which it could be implied that they purported to start running this special statute of limitations. * * * but the absence of any reference throughout the case, except at a conference after the statute had run, argues strongly for the position that the letter of January 7, 1924, was not intended originally for the purpose now contended for.

Our decision in the above cited case was affirmed at 49 Fed. (2d) 259, and certiorari was denied at 284 U.S. 658. Cf. *Lucas* v. *Pilliod Lumber Co.*, 281 U.S. 245.

For the reasons hereinbefore indicated it is our opinion that no request for prompt assessment of the tax liability of the corporation within the purview of section 277 (a) (4) of the Revenue Act of 1926, as amended by section 503 of the Revenue Act of 1928, was made; and that assessment of the taxpayer corporation's tax was not barred under the provisions of that statute on or before December 10, 1930. It follows that the liability of the petitioners as transferees is not barred.

In view of our conclusion, as heretofore set forth, it is unnecessary to consider whether Rendlen & White had authority to thus act for the dissolved corporation at the time they wrote the letter of March 20, 1928, or whether, under all the facts and circumstances, any request for an assessment made subsequent to May 29, 1928, by or on behalf of these liquidating trustees, who were authorized to

act only for the stockholders and those beneficially interested in the corporation, would satisfy the requirements of the special statute in question, or any other questions suggested by the record.

Reviewed by the Board.

*Decision will be entered for the respondent.*