*Decision will be entered for the petitioner.*

SOUTHERN MARYLAND AGRICULTURAL FAIR ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94741.   Promulgated September 12, 1939.

*Vernon Cook, Esq.*, for the petitioner.
*Charles H. Curl, Esq.*, for the respondent.

550

OPINION.

MURDOCK: The Commissioner has determined that the petitioner had certain income, is liable for certain deficiencies and penalties, and

was not exempt from tax as an agricultural or horticultural organization,[1] during the years 1921 to 1935, inclusive. The petitioner does not contest the correctness of the amount of income determined or the correctness of the computation of the tax and penalty for any year. It does not contend that it was in fact and in law exempt from tax as an agricultural organization or otherwise. Therefore, the Board must assume that the income, deficiencies, and penalties determined are correct in amount and that in fact and in law the petitioner was never an exempt corporation. The petitioner seeks to defend itself against the assessment and collection of the deficiencies and penalties on the grounds, first, that the statutes of limitation bar assessment and collection, and, second, that the Commissioner had no authority to change the ruling of his predecessor and hold in 1937 that the petitioner was not an exempt corporation.

The petitioner concedes in its brief that the period of limitation had not run as to 1934 and 1935 when the Commissioner made his determinations in the notice of deficiency. The returns for 1921 and 1922 were due before the Commissioner made his ruling of January 18, 1924, and the petitioner has failed to show any reason whatsoever for its failure to file timely returns for those years. It has not filed returns for any of the years and, therefore, the penalties must stand, if any of the deficiencies may be properly assessed. See section 3176 of the Revised Statutes, as amended by section 1103 of the Revenue Act of 1926; section 291 of the Revenue Acts of 1928, 1932, and 1934; *National Contracting Co.*, 37 B. T. A. 689; affd., 105 Fed. (2d) 488; *Scranton, Lackawanna Trust Co., Trustee*, 29 B. T. A. 698; affd., 80 Fed. (2d) 519; certiorari denied, 297 U. S. 723; *E. M. Green*, 11 B. T. A. 185; *John T. Sline*, 9 B. T. A. 1222. Although the petitioner probably could have avoided the penalties by filing returns after the ruling of March 6, 1937, *Searles Real Estate Trust*, 25 B. T. A. 1115, it chose not to do so, thinking, perhaps, that the filing of returns might give the Commissioner additional time to assess and collect the taxes imposed upon it by the various revenue acts.

The Revenue Act of 1921 and subsequent acts have required "every corporation subject to taxation under this title" to file a return within a prescribed time. See section 239 of the Revenue Act of 1921. Although a corporation exempt from taxation under the statute is not required to file any return, the petitioner was not exempt and, therefore, was required by the statute to file a return. Section 250 (d) of the Revenue Act of 1921 provided that "taxes due under any return made under this Act for the taxable year 1921 or succeeding taxable years shall be determined and assessed by the Commis-

[1] See section 231 (1) of the Revenue Act of 1921 and identical provisions of later acts.

sioner within four years after the return was filed" and provided further that there should be no time limit in the case "of a failure to file a required return." The provisions of later acts are, for present purposes, substantially similar. The statutory period of limitations upon determination, assessment, and collection of a deficiency is initiated under these provisions by the filing of a return. *Keystone Automobile Club Casualty Co.*, 40 B. T. A. 291. The only exception, where the shareholders report the net income of the corporation, is not urged by the petitioner and the record contains no evidence to support that exception. The petitioner concedes that it is not within the letter of the statutes, since it filed no returns. The point which it attempts to make is that it was excused from filing returns by the ruling of the Commissioner that it was exempt and the statutes should be read as if they provided a period of limitation beginning when the return for the particular year was "filed *or excused.*" It cites no case in point.

The petitioner relies upon the regulations of the Commissioner as authority for adding the words "or excused" to the statute. The regulations have provided, at all times material hereto, that a corporation claiming exemption shall first make certain proof to the Commissioner "to establish its exemption, and thus be relieved of the duty of filing returns of income and paying the tax" and "when an organization has established its right to exemption, it need not thereafter make a return of income or any further showing" so long as it does not change its character. See, for example, article 511, Regulations 45 and 62, and article 521, Regulations 74. The Commissioner issued some kind of a ruling on January 18, 1924, holding that the petitioner was exempt from tax, apparently as an agricultural organization. The argument of the petitioner is that it had "established its right to exemption" on January 18, 1924, and "it need not thereafter make a return of income," since it never changed its character thereafter.

This brings up the question of whether the regulations were ever meant to add the words "or excused" or whether they could add anything to the words of the statute. The Commissioner by his regulations can not change the law. *Koshland* v. *Helvering*, 298 U. S. 444; *Manhattan General Equipment Co.* v. *Commissioner*, 297 U. S. 129; *Lynch* v. *Tilden Produce Co.*, 265 U. S. 315; *United States* v. *Powell*, 95 Fed. (2d) 752; certiorari denied, 305 U. S. 619; *Helvering* v. *Safe Deposit & Trust Co. of Baltimore*, 95 Fed. (2d) 806; *Colson Co.*, 37 B. T. A. 1031, 1036; *Cereal Products Refining Co.*, 39 B. T. A. 92; *John D. Biggers*, 39 B. T. A. 480, 484. Cf. *Panama Refining Co.* v. *Ryan*, 293 U. S. 388; *Schechter Poultry Corporation* v. *United States*, 295 U. S. 495. Corporations actually exempt under the revenue acts were not required to file any returns and were not

affected by any period of limitation or penalty for failure to file returns, since, in no event, would they owe any tax or penalty. The Commissioner could not change their status by regulations and no words need be read into the limitation provisions for their benefit. The Commissioner could, of course, make reasonable regulations to assist him in administering the act and deciding whether a particular corporation was or was not exempt by the statute. That is what he has done. Articles 511 and 521 just mentioned were intended to be and were administrative, not legislative. The inference should not be drawn from those provisions that he intended to write into the limitation provisions of the acts the words "or excused" for the benefit of those corporations which he might erroneously conclude were exempt. He could not thus change the law if he so desired. He can decide what documents he will accept as returns but, in the absence of returns, he has no authority to permit the statute of limitations to start running against him by some means not provided by statute. The petitioner was not exempt under the statute or the regulations and was required to file returns and pay taxes. The Commissioner made an erroneous ruling that it was exempt and for a number of years did not demand returns or tax. The record does not show how the error was made or who was at fault. However, the erroneous ruling did not relieve the petitioner from filing the returns and paying the taxes as the statute provided, and it did not start the running of any statutory period of limitation. The Supreme Court said in *Lucas* v. *Pilliod Lumber Co.*, 281 U. S. 245, affirming 7 B. T. A. 591:

* * * Under the established general rule a statute of limitations runs against the United States only when they assent and upon the conditions prescribed. Here assent that the statute might begin to run was conditioned upon the presentation of a return duly sworn to. * * * The necessity for meticulous compliance by the taxpayer with all named conditions in order to secure the benefits of the limitation was distinctly pointed out in *Florsheim Bros. etc.* v. *United States.*

Here, likewise, the condition prescribed by Congress to secure the benefits of the limitation was the filing of a return[2] and, since the taxpayer filed none, it receives no benefits under this particular statutory provision.

Although this petitioner was encouraged by the action of the Commissioner to believe that it would not have to file returns for 1923 and subsequent years, nevertheless, it was never prevented from filing returns. It could have filed returns and might thereby have started the period of limitations, though still claiming exemption. Some taxpayers take such precautionary steps. There is no inequity in

---

[2] The period of limitation under the 1918 Act started when the return "was due or was made." See *Florsheim Brothers Drygoods Co.* v. *United States*, 280 U. S. 453.

requiring this petitioner to pay the taxes actually imposed upon it by the revenue acts. It could have avoided the inequity of the penalties by filing returns promptly after it learned of the correctness of the ruling in 1937, but it chose not to file any returns for the years here involved, apparently hoping thereby to avoid both tax and penalty. Having made the choice, it must abide by it and take the consequences.

The conclusion here reached that the statute never started to run is consistent with prior decisions that a return is required to start the period of limitations. *Ginn-Coleman Co.*, 12 B. T. A. 550; *Henry R. Fishel*, 14 B. T. A. 87; *Cantrell & Cochrane, Ltd.*, 19 B. T. A. 16; *Eli Kirk Price, Executor*, 23 B. T. A. 1192; *Employees Industrial Loan Association, Inc.*, 27 B. T. A. 945; *Axel Holmstrom*, 35 B. T. A. 1092; *Keystone Automobile Club Casualty Co., supra*. The Circuit Court of Appeals for the Second Circuit recently reversed a decision of the Board on this subject. See *Balkan National Insurance Co.* v. *Commissioner*, 101 Fed. (2d) 75, reversing 36 B. T. A. 1183. The facts there were that the Alien Property Custodian had seized all of the records of a foreign corporation prior to the time the return for 1918 was due. The corporation filed no return. The court held that the statute had run in 1934 against assessment of a deficiency for 1918, since the Government had made it impossible for the taxpayer to file any return for 1918. The present petitioner might well have cited that case and quoted language used in the opinion. However, the present case is not like that case, but is less strong factually for the taxpayer. The Board is not disposed voluntarily to reverse further the consistent position which it has taken upon this subject.

When the Commissioner determined in 1937 that the petitioner was not exempt and never had been, it was his duty to determine, assess and collect the tax due for all years not barred by the statutes of limitation. The conclusion reached and announced by his predecessor in 1924 was not binding upon him. It did not exempt the petitioner from tax. This same point was decided in this way in *Stanford University Bookstore*, 29 B. T. A. 1280; affd., 83 Fed. (2d) 710. See also *Arthur H. Lamborn*, 13 B. T. A. 177, 186; affd., 43 Fed. (2d) 814; *Frances P. McIlhenny et al., Executors*, 13 B. T. A. 288; affd., 39 Fed. (2d) 356; *Sweets Co. of America, Inc.*, 12 B. T. A. 1285; affd., 40 Fed. (2d) 436; *James Couzens*, 11 B. T. A. 1040; *Old Farmers Oil Co.*, 12 B. T. A. 203; *Estate of W. S. Tyler*, 9 B. T. A. 255; *Yokohama Ki-Ito Kwaisha, Ltd.*, 5 B. T. A. 1248. The ruling of the Interstate Commerce Commission on the reasonableness of a rate thereafter used by shippers and carriers was quite a different thing and the decision in *Arizona Grocery Co.* v. *Atchison, Topeka & Santa Fe Railway Co.*, 284 U. S. 370, holding that a later change in ruling could not be retroactively applied, is not in point.

*Decision will be entered for the respondent.*