*570 OPINION.
ARNOLD:
The petitioners contend that the assessment of the deficiency in tax liability of Nibley-Mimnaugh for the year 1923 against them as transferees is barred by the statute of limitations. The respondent contends that the assessment is not barred because neither the tentative return filed March 15, 1924', nor the return filed on June 12, 1924, constituted a return required to be filed under section 239 (a) of the Eevenue Act of 1921 in order to start the running of the four-year statutory period. Section 239 (a), in so far as applicable, provides that every corporation subject to taxation “shall make a return stating specifically the items of its gross income and the deductions and credits allowed.”
No claim is made by petitioners that the tentative return was such a return as would start the running of the statutory period. In Florsheim Brothers Drygoods Co. v. United States, 280 U. S. 453, wherein the Court held that a tentative return did not start the running of the statutory period of limitations, the Court stated:
*571 * * * The burden of supplying by the return the information on which assessments were to be based was thus imposed upon the taxpayer. And, in providing that the period of limitation should begin on the date when the return was filed rather than when it was due, the statute plainly manifested a purpose that the period was to commence only when the taxpayer had supplied this information in the prescribed manner.
The respondent contends that the return filed on June 12, 1924, is not such a return as required to be filed because it did not purport to be the calendar year return of Nibley-Mimnaugh for 1923. The return was made on the form required and reflected all the transactions of the company both prior to and subsequent to August 3, 1923, except the sale of the company’s assets to the Bowman-Hicks Lumber Co. It was filled out in detail and numerous schedules were attached thereto. The return disclosed the transfer of the assets on August 3, 1923, and also that the company was in the process of liquidation thereafter. The respondent ,was not misled. Except for the addition of the gain realized on the sale of the company’s assets the respondent’s determination of the taxable net income of the company for the calendar year 1923 involved herein is the same as the taxable net income of the company for the calendar year 1923 as determined by him in 1926 as shown by the notice of deficiency dated April 7, 1926. This deficiency notice also covered the calendar year 1923 as well as the years 1922 and 1924. At that time he claimed that the gain, now included in taxable income for 1923, was properly includible in 1924 income. The amount of taxable income determined by him for the calendar year 1923, as shown by the notice of deficiency dated April 7, 1926, was the same as that reported in the return filed June 12, 1924, except that the respondent increased the reported income by disallowing depreciation from August 3 to December 31, 1923, claimed in the return. Certainly as to that item the respondent must have known that the amount of depreciation claimed in the return covered the entire calendar year 1923. It is reasonable to assume that if that item covered the entire calendar year 1923, other items in the return did so also. The statements contained in the return filed June 12, 1924, that the company’s assets had been transferred on August 3, 1923, and that the inventory was taken on that date was not a misrepresentation. It apparently did not mislead the respondent. On its face the return filed June 12, 1924, purported to be a return “For Calendar Year 1923.” The reference to the transfer of the company’s assets merely called attention' to such transfer and the position of the company in regard to it. No doubt this caused the examination of the company’s records and resulted in the redetermination of its tax liability as shown in the 30-day letter dated October 15, 1925, and the notice of deficiency dated April 7, 1926, at which time no question was raised as to the *572 period covered by the return filed on June 12, 1924. At that time, it was apparently treated as covering the calendar year 1923.
In Zellerbach Paper Co. v. Helvering, 293 U. S. 172, the Court stated:
* * * perfect accuracy or completeness is not necessary to rescue a return from nullity, if it purports to be a return, is sworn to as such (Lucas v. Pilliod Lumber Co., 281 U. S. 245 * ⅜ . *). and evinces an honest and genuine endeavor to satisfy the law. This is so though at the time of filing the omissions or inaccuracies are such as to make amendment necessary.
The books of the company were kept on a calendar year basis, the return was prepared accordingly, and the taxable net income reported therein reflected all transactions made during the calendar year except the gain realized on the sale of its assets to the Bowman-Hicks Lumber Co. No allegation has been made that the return filed June 12, 1924, was false or fraudulent and made with intent to evade tax. Under the facts and circumstances we hold that the return of Nibley-Mimnaugh filed June 12, 1924, was a return as required by the Eevenue Act of 1921 which would start the running of the statute of limitations.
The deficiency in tax herein involved has never been assessed against the taxpayer or against the petitioners herein as transferees. The statutory period for assessment of taxes imposed by the Eevenue Act of 1921 is “four years after the return was filed.” Sec. 250 (d), Eevenue Act of 1921; sec. 277 (a) (1), 1924 Act; and sec. 277 (a) (2), 1926 Act. The period for assessment of the liability of a transferee is “one year after the expiration of the period of limitation for assessment against the taxpayer.” Sec. 280 (b) (1), 1926 Act. The deficiency notice for 1922,1923, and 1924 mailed to Nibley-Mimnaugh on April 7, 1926, was within the four-year period commencing June 12, 1924, and therefore timely. By the provisions of section 274 (a) and 277 (b) of the Eevenue Act of 1926, the running of the statute against assessment was suspended 60 days after the mailing of a notice of deficiency for an appeal to the Board and for 60 days thereafter. This extended the statutory period of limitations from June 12, 1928, to October 10, 1928. The deficiency notice for the year 1923 mailed May 6,, 1936, to Nibley-Mimnaugh, was not within the statutory period as suspended and was therefore not timely and was ineffective, to revive or to suspend the running of the statutory period. When once the statutory period has completely run, as it did herein on October 10, 1928, against Nibley-Mimnaugh, the Commissioner can not revive it by the mailing of another notice of deficiency. William M. Greve, 42 B. T. A. 142. The notices of deficiency addressed to the petitioners herein dated April 4,1939, were not mailed within the one year additional time allowed for assessment against transferees, or on or before October 10, 1929, and *573 therefore were not timely. The assessment of the taxes involved herein has long since been barred.
In view of this holding, it is not necessary to decide whether the petitioners, Eugene J. Mimnaugh and L. Mimnaugh Johnston, are transferees of the property of Nibley-Mimnaugh within the meaning of section 280 of the Revenue Act of 1926.

Decision will be entered for the petitioners.