**RAINBOW ELECTRIC COMPANY,
Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. CV–81–77–GF.**

United States District Court,
D. Montana,
Great Falls Division.

March 3, 1982.

Richard F. Gallagher, Church, Harris, Johnson & Williams, Great Falls, Mont., for plaintiff.

James P. Sites, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

Plaintiff commenced this civil tax refund action by filing a complaint against the United States on June 24, 1981. Defendant has filed a motion to dismiss on the grounds that the complaint fails to state a claim upon which relief can be granted. The motion to dismiss is well-taken, and is hereby granted.

### FACTUAL BACKGROUND

Plaintiff's request for refund stems from corporate net operating losses sustained in the taxable years ended December 31, 1975 and December 31, 1976. Pursuant to 26 U.S.C. § 172, these losses may be allowed as carry-back deductions to the taxable years 1972, 1973, 1974. By virtue of the loss carry-backs, plaintiff sought a refund of all the corporate income tax paid with its 1972, 1973 and 1974 corporate income tax returns, in the amounts of $5,984.54, $3,489.91, and $1,121.72, respectively.

To obtain its refund, plaintiff filed Internal Revenue Service form 1120X, "Amended U. S. Corporation Income Tax Returns." However, none of the forms 1120X were signed or verified by the plaintiff.

On two separate occasions, the Internal Revenue Service requested the plaintiff to sign the forms 1120X; plaintiff did not respond. By a letter dated June 29, 1979, the Internal Revenue fully disallowed the plaintiff's claim. The letter also informed the plaintiff:

If you wish to bring suit or proceeding for the recovery of any tax, penalties or other moneys for which this disallowance notice is issued, you may do so by filing such a suit with the United States District Court having jurisdiction, or the United States Court of Claims. The law permits you to do this within 2 years from the mailing date of this letter.

Subsequently, on June 24, 1981, plaintiff filed suit in this court to recover the income taxes paid in 1972, 1973 and 1974. Jurisdic-

tion is asserted pursuant to 28 U.S.C. § 1346.

In support of its motion to dismiss, defendant contends that the forms 1120X filed by plaintiff do not constitute valid claims for refund since they were not signed or verified under the penalties of perjury. Conversely, plaintiff contends that its claim for refund is not a corporation income tax return to which the signature requirements of 26 U.S.C. § 6062 apply.

DISCUSSION

26 U.S.C. § 6061 provides that any return, statement, or other document required under the internal revenue laws shall be signed in accordance with the forms or regulations prescribed by the Secretary of the Treasury. Corporate returns, with respect to income, must be properly executed by designated corporate officials under the terms of 26 U.S.C. § 6062. 26 U.S.C. § 6065 provides that any return, such as the above, and any statement or other document, must be verified by a written declaration that it is made under the penalties of perjury.

A claim for refund must also be verified. Treas. Reg. § 301.6402–2(b) clearly states:

> The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. *The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury.* A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit. (emphasis added).

In the case at bar, plaintiff did not sign or verify the forms 1120X for taxable years 1972, 1973 and 1974. Hence, plaintiff has not filed amended income tax returns, or claims for refund, for those years. *See, United States v. Moore,* 627 F.2d 830, 834 (7th Cir. 1980), *citing Lucas v. Pilliod,* 281 U.S. 245, 50 S.Ct. 297, 74 L.Ed. 829 (1930) and *UHL Estate Co. v. Commissioner,* 116 F.2d 403 (9th Cir. 1940). Further, the unsigned and unverified forms 1120X do not

assist the defendant in knowing if the proper party is initiating the refund request.

Since the unsigned and unverified returns filed by the plaintiff are no returns at all, the court deems the motion to dismiss advanced by the defendant to have merit.

Accordingly, IT IS ORDERED that the motion to dismiss for failure to state a claim upon which relief may be granted, submitted by the defendant, is hereby GRANTED and the complaint is DISMISSED.