T.C. Memo. 2015-118

UNITED STATES TAX COURT

STEVEN N. LEVI AND CRISTINA LEVI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10903-13.                    Filed June 29, 2015.

<u>Harris L. Bonnette, Jr.</u>, for petitioners.

<u>Anne M. Craig</u> and <u>Lauren B. Epstein</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This deficiency case is before us on respondent's motion

for partial summary judgment filed pursuant to Rule 121[1] on the ground that

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code in effect for the year in issue.

**[*2]** petitioners' 2010 Federal income tax return is invalid because it was not signed by them or an authorized agent. Petitioners objected to the motion by filing timely responses. As explained herein, we will grant respondent's motion.

## Background

At the time petitioners filed their petition, they resided in Florida.

### Petitioners' 2010 Federal Income Tax Return

In April 2011 petitioners hired Florida attorney Sarah Martello to prepare their Form 1040, U.S. Individual Income Tax Return, for 2010 (2010 return). On April 29, 2011, petitioners executed Form 2848, Power of Attorney and Declaration of Representative, appointing Ms. Martello and her assistant, Misty Priest, as their representatives. Ms. Martello prepared, signed, and timely submitted petitioners' 2010 return on their behalf, attaching thereto Form 2848, which states in relevant part: "Acts authorized. * * * the authority does not include * * * the power to sign certain returns".

### Notice of Deficiency

The Internal Revenue Service (IRS) Philadelphia Service Center processed petitioners' 2010 return. It was not returned to petitioners for any further signatures or modifications. On February 11, 2013, respondent issued a notice of deficiency to petitioners determining a $10,500 deficiency in their 2010 Federal

**[*3]** income tax, a $4,024 failure to file timely addition to tax pursuant to section 6651(a)(1), and a $16,094 accuracy-related penalty pursuant to section 6662(a). Respondent determined that petitioners failed to report $30,000 in taxable retirement income and overclaimed Federal income tax withholding of $69,970. Petitioners filed a timely petition for redetermination with this Court on May 16, 2013.

Answer and Amended Answer

On July 8, 2013, respondent filed an answer conceding that petitioners "did not overclaim withholding credits" on their 2010 return and made adjustments to petitioners' return. Respondent also alleged that petitioners did not sign their 2010 return "in their names" and therefore, they "failed to file" a return for that year. In his amended answer filed on July 10, 2013, respondent reiterated that petitioners did not sign their 2010 return and that the agent who signed on their behalf, Ms. Martello, lacked the authority to do so. Petitioners did not file a reply to the amended answer.

Petitioners' Separation and Divorce

Although petitioners were married during the tax year in issue and when the 2010 return was submitted, they later separated. On July 11, 2013, a divorce

**[*4]** proceeding was filed in Alachua County, Florida.  Their divorce became final on March 7, 2014.

Request for Admissions

On August 5, 2014, respondent filed a first request for admissions pursuant to Rule 90 requesting that petitioners admit the facts set forth in each of the following requests:

    1.  Attached as Exhibit A is a redacted copy of the Form 1040 for 2010 that petitioners submitted to respondent.

    2.  Petitioner Steven N. Levi did not sign petitioners' Form 1040 for 2010.

    3.  Petitioner Christina Levi did not sign petitioners' Form 1040 for 2010.

    4.  Attached to petitioners' Form 1040 for 2010 is Form 2848, Power of Attorney and Declaration of Representative.

    5.  The Form 2848, Power of Attorney and Declaration of Representative, attached to petitioners' Form 1040 for 2010 does not authorize any representative or agent to sign petitioners' Form 1040.

    6.  Petitioner Steven N. Levi was not disabled or injured such that he was unable to make a return of his income, the deadline for filing for which was October 17, 2011, for taxable year 2010.

    7.  Petitioner Steven N. Levi was not continuously absent from the United States for a period of at least 60 days prior to October 17, 2011.

[*5]        8.  Petitioner Steven N. Levi did not request permission, in writing, of the district director for the internal revenue district in which is located his legal residence, for his return to be made by an agent.

9.  Petitioner Christina Levi was not disabled or injured such that she was unable to make a return of her income, the deadline for filing for which was October 17, 2011, for taxable year 2010.

10.  Petitioner Christina Levi was not continuously absent from the United States for a period of at least 60 days prior to October 17, 2011.

11.  Petitioner Christina Levi did not request permission, in writing, of the district director for the internal revenue district in which is located her legal residence, for her return to be made by an agent.

12.  Petitioners' Form 1040 for 2010 was not validly executed by either petitioner.

13.  Petitioners' Form 1040 for 2010 is not a valid return.

On September 3, 2014, petitioners' counsel filed a motion for extension of time to respond to respondent's request for admissions.  On September 8, 2014, this Court granted petitioners an extension of time until October 3, 2014, to respond to the request for admissions.

On October 3, 2014, petitioners' counsel filed a motion to withdraw as counsel citing petitioners' failure to communicate with him.  Subsequently,

**[\*6]** following resolution of communication difficulties, on October 31, 2014, petitioners' counsel filed a motion to withdraw his motion to withdraw as counsel. In addition, he confirmed that petitioners agreed to waive any potential conflict of interest regarding his representation as counsel for both of them so that Mrs. Levi could assert a claim for innocent spouse relief. On November 26, 2014, the Court then granted petitioners' counsel's motion to withdraw his motion to withdraw as counsel.

Previously, on November 20, 2014, counsel for respondent reminded petitioners' counsel that petitioners had not responded to the first request for admissions. To date, petitioners have neither filed a response to the first request for admissions nor requested an extension of time to respond beyond the October 3, 2014, deadline. Therefore, the matters stated in the first request for admissions are hereby deemed admitted pursuant to Rule 90(c).

Respondent's Motion for Partial Summary Judgment

On December 11, 2014, respondent filed a motion for partial summary judgment. As previously indicated, petitioners filed a response objecting to the motion and later filed two supplements to their response.

**[*7]**                                    <u>Discussion</u>

A partial summary adjudication may be made that does not dispose of all the issues in a case if it is shown, inter alia, that there is no genuine dispute of material fact with respect to the question on which partial summary adjudication is sought. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). On the basis of our review of the record in this case, we are satisfied that partial summary judgment may be rendered as a matter of law.

Pursuant to section 6011(a), "any person made liable for any tax * * * shall make a return * * * according to the forms and regulations prescribed by the Secretary." Any return required to be made "shall contain or be verified by a written declaration that it is made under the penalties of perjury." Sec. 6065. Section 6061(a) provides that "any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be signed in accordance with forms or regulations prescribed by the Secretary." Regulations promulgated under section 6061 provide: "Each individual * * * shall sign the income tax return required to be made by him, except that the return may be signed for the taxpayer by an agent who is duly authorized in accordance with paragraph (a)(5) or (b) of §1.6012-1 to make such return." <u>See</u> sec. 1.6061-1, Income Tax Regs. In addition, section 1.6012-1(a)(5), Income Tax Regs.,

**[*8]** provides that a return may be made by an agent if the taxpayer is unable to make the return by reason of disease, injury, or continuous absence from the United States, or if, upon a showing of good cause, the taxpayer obtains permission from the IRS. The regulation continues: "Whenever a return is made by an agent it must be accompanied by a power of attorney (or copy thereof) authorizing him to represent his principal in making, executing, or filing the return." Id.

In general, a Federal income tax return that is not signed is invalid. Lucas v. Pilliod Lumber Co., 281 U.S. 245, 249 (1930); Bachner v. Commissioner, 81 F.3d 1274, 1280 (3d Cir. 1996); Brafman v. United States, 384 F.2d 863, 868 (5th Cir. 1967). "Failure to satisfy the requirements for filing a return is fatal to the validity and the timeliness of the return." Elliott v. Commissioner, 113 T.C. 125, 128 (1999). In addition, an invalid return remains invalid even if the IRS accepts and processes it. See, e.g., Olpin v. Commissioner, 270 F.3d 1297, 1301 (10th Cir. 2001) ("[A]cceptance cannot cure an invalid return."), aff'g T.C. Memo. 1999-426; Downing v. Commissioner, T.C. Memo. 2007-291, 2007 WL 2768754, at *10 (holding IRS acceptance of return and payment "would not waive the statutory requirements for a valid return"); Julicher v. Commissioner, T.C. Memo. 2002-55, 2002 WL 273165, at *14 ("[T]he signature requirement for purposes of a

[*9] valid joint return may not be waived by Internal Revenue Service personnel.").

Because petitioners are deemed to have admitted all the facts set forth in respondent's first request for admissions, there is no dispute as to any material fact as to the matters set forth therein.

Ms. Martello is the only person who signed petitioners' 2010 return. The Form 2848 attached to petitioners' 2010 return did not authorize Ms. Martello or any representative or agent to sign the 2010 return. Neither petitioner was: (1) disabled or injured such that he or she was unable to sign the 2010 return, or was (2) continuously absent from the United States for a period of at least 60 days before October 17, 2011, nor did either petitioner (3) request permission, in writing, of the District Director for the internal revenue district in which his or her legal residence was located, for the 2010 return to be made by an agent. Clearly, petitioners do not satisfy any of the conditions under which a return may be made by an agent. See sec. 1.6012-1(a)(5), Income Tax Regs.

In sum, because petitioners' 2010 return was not signed by them or an authorized agent, it was not a valid return. Therefore, we will grant respondent's motion for partial summary judgment.

[*10]  To reflect the foregoing,

An order granting respondent's motion for partial summary judgment will be issued.