Concetta McAllister v. Commissioner.
McAllister v. Commissioner
Docket No. 5210-67.
United States Tax Court
T.C. Memo 1969-152; 1969 Tax Ct. Memo LEXIS 144; 28 T.C.M. (CCH) 765; T.C.M. (RIA) 69152; July 17, 1969, Filed Marvin Zevin, for the petitioner. Stanley J. Goldberg, for the respondent. FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent determined deficiencies in petitioner's income tax, and additions to tax, as follows: Year
Den- ciencies
[1] Additions to TaxSec. 6651(a) Total
1961
$ 92.00
$ 23.00
$115.00
1962
96.00
24.00
120.00
1963
110.00
27.50
137.50
1964 108.00
27.00
135.00
Total
$406.00
$101.50
$507.50 The only issue is whether petitioner sustained *145 her burden to prove respondent erred in determining (1) the disputed tax deficiencies, and (2) the additions to tax under section 6651(a). Findings of Fact Petitioner was a legal resident of Hicksville, New York, at the time her petition was filed. She did not file income tax returns for 1961, 1962, 1963, and 1964. On May 4, 1964, the Grand Jury of Nassau County, New York, indicted petitioner on the following counts: (a) 23 counts of vagrancy; (b) 7 counts of prostitution of women; (c) one count of living on the proceeds of prostitution; (d) one count of violation of section 145 of the Social Welfare Law of New York; (e) one count of conspiracy to commit a crime; and (f) one count of grand larceny. On May 5, 1964, petitioner entered a plea of not guilty to all counts of the indictment, but on July 1, 1964, changed her plea to guilty to (1) one count of prostitution of women, (2) attempted grand larceny under count 16 of the indictment, and (3) 17 counts of vagrancy. On May 9, 1966, petitioner was sentenced for the crimes to which she had pleaded guilty. Execution of the sentence was suspended, and petitioner was placed on probation. Count 16 of the indictment, alleging grand *146 larceny, contained the following: The defendant, Concetta McAllister, alias Connie McAllister, alias Connie Russell, between on or about the 1st day of January, 1961, and on or about the 3rd day of February, 1964, with the intent to deprive and defraud the owners of their property and the use and benefit thereof, and to appropriate the same to the use of the defendant, Concetta McAllister, alias Connie McAllister, alias Connie Russell, stole, took, and carried away from the person and possession of the County of Nassau and its Department of Public Welfare, certain property owned by them, having an aggregate value of over $500.00, to wit, lawful currency of the United States of America of the total value of $6,253.44. The said crime and felony of Grand Larceny in the First Degree was committed by Concetta McAllister, alias Connie McAllister, alias Connie Russell, in the following manner and by the employment of the following knowing and wilful false pretenses, representations and concealment of material facts. The said defendant, Concetta McAllister, alias Connie McAllister, alias Connie Russell, between, on or about the 14th day of April, 1961, to on or about the 24th day of *147 January, 1964, made the following false representations and false pretenses to the Nassau County Department of Public Welfare, its agents and employees: That the said defendant, Concetta McAllister, alias Connie McAllister, alias Connie Russell had no income from any source. That the said defendant, Concetta McAllister, alias Connie McAllister, alias Connie Russell, from between on or about the 1st day of January 1961, and on or about the 3rd day of February, 1964, knowingly and wilfully concealed from the Nassau County Department of Public Welfare, its agents and employees, that the said defendant, Concetta McAllister, alias Connie McAllister, alias Connie 766 Russell, was a prostitute and call girl, and further the said defendant, Concetta McAllister, alias Connie McAllister, alias Connie Russell, knowingly and wilfully concealed from the Nassau County Department of Public Welfare, its agents and employees, that the said defendant, Concetta McAllister, alias Connie McAllister, alias Connie Russell [sic], had received from acts of prostitution and other sources $23,750.00, lawful currency of the United States of America, during the aforesaid period. On August 10, 1967, respondent *148 issued a notice of deficiency determining that petitioner had received income of $2,000 during each of the years in issue. Opinion Under the rules of this Court the burden rested with petitioner to prove that respondent erred in determining the disputed tax deficiencies, Rule 32; Welch v. Helvering, 290 U.S. 111 (1933), as well as the additions to tax. Marcello v. Commissioner, 380 F. 2d 499, 505-507 (C.A. 5, 1967), affirming a Memorandum Opinion of this Court on this issue. Petitioner established that, during the years in issue, she received large amounts of welfare grants. But she introduced no evidence to show that she received no other taxable income, e.g., the $23,750 alleged in the indictment - on which she entered a plea of guilty - to have been received from prostitution and call girl activities.[2] Indeed, relying upon the fifth amendment to the United States Constitution, she declined to answer any questions as to the amount or sources of her income. [3]
*149 The deficiencies and additions to tax are sustained. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩
2. The plea of guilty constituted an admission with respect to the allegations in the indictment. See, e.g., Reaves v. Commissioner, 295 F. 2d 336, 339 (C.A. 5, 1961), affirming 31 T.C. 690 (1958); Harry Gleis, 24 T.C. 941, 953 (1955), affirmed per curiam 245 F. 2d 237↩ (C.A. 6, 1957). 3. Respondent's motion to dismiss for failure of petitioner to properly prosecute the petition is denied. Having decided the case on the foregoing basis, we do not reach the question whether such a motion may properly be granted where, as in this case, a taxpayer invokes the jurisdiction of this Court, alleging that respondent erred in determining deficiencies, but at the trial declines to answer any questions relating to the source of amounts of income. Cf. Wilson v. United States, an unreported case ( M.D. Tenn. 1965, 16 A.F.T.R. 2d 5608↩).