LEON GERSTEN AND CAROLE GERSTEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gersten v. Commissioner
Docket No. 3086-78.
United States Tax Court
T.C. Memo 1980-487; 1980 Tax Ct. Memo LEXIS 96; 41 T.C.M. (CCH) 285; T.C.M. (RIA) 80487; October 28, 1980, Filed *96 Held, petitioners are not entitled to miscellaneous business expense deductions in excess of amounts allowed by respondent; held further, petitioners are not entitled to deduct claimed medical care expenses under sec. 213, I.R.C. 1954; held further, the increase by respondent of petitioners' gross income for 1974 is not erroneous; heldfurther, the underpayment of petitioners' taxes was due to negligence or intentional disregard of rules and regulations under sec. 6653(a), I.R.C. 1954. Leon Gersten, pro se. Tracy L. Rich, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies and additions to tax in petitioners' Federal income taxes as follows: Addition to Tax
Taxable Year
Deficiency
Sec. 6653(a) [1]
1973
$4,150.66
$ 207.53
1974
4,860.58
243.03
The issues for decision are: 1. Whether petitioners are entitled to miscellaneous business expense deductions under section 162 in excess of the amounts allowed by respondent; *98 2. Whether petitioners are entitled to deduct claimed medical care expenses under section 213; 3. Whether petitioners' gross income for 1974 was erroneously increased by respondent; and 4. Whether any part of the underpayment of petitioners' 1973 and 1974 Federal income taxes was due to negligence or intentional disregard of rules and regulations under section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners Leon and Carole Gersten, husband and wife, resided in New York, New York, when they filed their petition in this case. During 1973 and 1974, Carole Gersten worked as a freelance fashion designer. In 1973, Leon Gersten began a business entailing the production of industrial presentations of new products for various clients. The production of these industrial presentations required the preparation and staging of an audio-visual presentation. The bulk of the presentations were staged at locations outside New York, New York. During the years at issue, Leon Gersten was involved in all aspects of production and hired freelance labor to assist him. The business was operated out of petitioners' home. When *99 Leon Gersten began his business, he was inexperienced at operating a business and maintained inadequate records. Leon Gersten only consulted his accountant at the end of each year when he turned his records over to him to prepare petitioners' tax returns. On their 1973 and 1974 returns, petitioners claimed business expense deductions attributable to Leon Gersten's business which respondent in his notice of deficiency disallowed as follows: 1973
1974
Expense Item
Claimed
Disallowed
Claimed
Disallowed
Staging and
Production
$18,037.00
$ 951.68
$21,444.00
$3,636.00
Free Lance Labor
16,849.00
6,773.00
12,513.00
1,111.00
Supplies
762.00
762.00
0
0
Film Previews
and Theatre
Attendance
986.00
471.00
1,342.00
1,342.00
Business Related
Courses
429.00
429.00
200.00
200.00
Travel
5,220.00
2,566.00
3,954.00
2,061.61
Entertainment
1,706.00
1,576.00
2,139.00
1,969.77
Petitioners also claimed a business expense deduction on their 1973 return for Carole Gersten's expenses as a fashion designer. Respondent disallowed $554 of this deduction. Respondent also disallowed $278 and $238, respectively, of the amounts claimed *100 by petitioners as medical care expenses on their 1973 and 1974 returns. In addition, after reconstructing petitioners' income using the bank deposits method, respondent increased petitioners' gross income for 1974 by $3,837.99. Finally, respondent imposed the addition to tax under section 6653(a) for the 1973 and 1974 taxable years. OPINION We must decide the following issues: 1. Whether petitioners are entitled to miscellaneous business expense deductions under section 162 in excess of the amounts allowed by respondent; 2. Whether petitioners are entitled to deduct claimed medical care expenses under section 213; 3. Whether petitioners' gross income for 1974 was erroneously increased by respondent; and 4. Whether any part of the underpayment of petitioners' 1973 and 1974 Federal income taxes was due to negligence or intentional disregard of rules and regulations under section 6653(a). Issue 1: Miscellaneous Business Expenses
Respondent disallowed the claimed business expense deductions for supplies and business related courses on the ground that petitioners also deducted those expenses as staging and production expenses and fashion designer expenses, *101 respectively. A taxpayer is allowed only one deduction for any deductible expense. Sec. 1.161-1, Income Tax Regs. Petitioners offered no evidence to prove that the supplies and business related courses expenses deductions were not double deductions. Since petitioners failed to carry their burden of proof, we sustain respondent's disallowance of these deductions. With respect to the disallowed portions of the claimed deductions for staging and production, freelance labor, [2] and film previews and theatre attendance expense, respondent contends that petitioners failed to prove these amounts were actually expended for the claimed purposes. Petitioners argue that the full amount of the claimed expenses is deductible under section 162. The only proof petitioners offered in support of these deductions was the general and often vague testimony of *102 Leon Gersten. Considering this fact and the inadequacy of petitioners' records, we conclude that the evidence does not support an approximation under the doctrine of Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930). See Williams v. United States,245 F. 2d 559 (5th Cir. 1957). We hold that petitioners have failed to prove they are entitled to deductions for these expenses in excess of the amounts allowed by respondent. The disallowed portion of the deduction for Carole Gersten's expenses as a fashion designer for 1973 represents the expenses of a trip to Europe to attend an international garment show. Respondent contends that petitioners have failed to show this is an ordinary and necessary expense of carrying on her business as a fashion designer. Petitioners maintain that they are entitled to the full amount of the deduction because Carole Gersten attended the garment show to remain abreast of the European fashion trends. Section 162 allows a deduction for all ordinary and necessary expenses paid or incurred in carrying on a trade or business. Whether expenses are deductible as ordinary and necessary expenses incurred in carrying on a *103 trade or business is essentially a question of fact. Commissioner v. Heininger,320 U.S. 467, 475 (1943); Walliser v. Commissioner,72 T.C. 433, 437 (1979); Henry v. Commissioner,36 T.C. 879, 883 (1961). The taxpayer must establish that the expenses were incurred primarily for business rather than personal purposes and that there is a proximate relationship between the expenses and his business. Walliser v. Commissioner,supra at 437; Henry v. Commissioner,supra at 884. The only proof offered here was Leon Gersten's testimony that his wife needed to attend the garment show to follow the European fashions. This testimony does not satisfy petitioners' burden of proof. Therefore, petitioners are not entitled to a deduction for these expenses. With respect to the disallowed portions of petitioners' travel and entertainment expense deductions, respondent contends that petitioners are not entitled to these deductions because they have failed to satisfy the requirements of section 274. We agree. Petitioners have clearly failed to satisfy the substantiation requirements of section 274(d). *104 Section 274(d) provides that no deduction shall be allowed for travel or entertainment expenses under section 162 unless the taxpayer substantiates with adequate records or sufficient evidence corroborating his own statement of the amount, time and place, business purpose, and with respect to entertainment expenses, the business relationship to the taxpayer of the persons entertained. These requirements are in addition to the usual substantiation requirements of section 162. Sanford v. Commissioner,50 T.C. 823, 826 (1968), affd. per curiam 412 F. 2d 201 (2d Cir. 1969). Petitioners did not present any records in support of these deductions, and Leon Gersten admitted he maintained inadequate records. Furthermore, petitioners offered no evidence to corroborate Leon Gersten's testimony. Accordingly, since petitioners have failed to satisfy the requirements of section 274, we hold for respondent on this issue. Issue 2: Medical Care Expenses
On their 1973 and 1974 returns, petitioners deducted as a medical care expense under section 213, $238 paid in each of those years for physical therapy treatments for Carole Gersten. Respondent disallowed *105 these deductions on the ground that petitioners failed to show that the physical therapy treatments represented medical care within the meaning of section 213. Respondent disallowed an additional $40 of the claimed medical care expenses for 1973 for lack of substantiation. Section 213(a) allows a deduction for medical care expenses. Section 213(e)(1) defines medical care, in part, as follows: (1) The term "medical care" means amounts paid-- (A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure of function of the body * * * The regulations under section 213 confine the deduction for medical care "strictly to expenses incurred primarily for the prevention or alleviation of a physical or mental defect or illness" and specify that any expenditure which is merely beneficial to the general health of an individual is not deductible as medical care. Sec. 1.213-1(e)(1)(ii), Income Tax Regs. Instead, such an expenditure is a nondeductible personal or living expense. Sec. 262; Brown v. Commissioner,62 T.C. 551, 554 (1974), affd. per curiam 523 F. 2d 365 (8th Cir. 1975); Havey v. Commissioner,12 T.C. 409, 411-412 (1949). *106 Although petitioners contend that the physical therapy treatments received by Carole Gersten constituted medical care, the only evidence they offered to support that contention was the vague and confusing testimony of Leon Gersten. Petitioners have simply failed to establish to our satisfaction that Carole Gersten received the treatments for the prevention or alleviation of a physical defect or illness rather than merely for the benefit of her general health. Accordingly, we sustain respondent's determination. With respect to the medical care expense disallowed for lack of substantiation, petitioners presented no evidence to rebut respondent's determination. Therefore, we must hold for respondent. Issue 3: Gross Income for 1974
On the basis of a reconstruction of petitioners' income by the bank deposits method, respondent increased petitioners' gross income for 1974. Respondent contends that since petitioners' records do not adequately reflect income, their income was properly increased under the bank deposits method of reconstructing income. Petitioners argue that income cannot be established by an analysis of bank deposits and that, in any event, the reconstruction *107 employed by respondent does not adequately reflect their income. In addition, petitioners maintain that their records adequately reflect gross income. Where a taxpayer's records are inadequate, respondent has the authority to reconstruct his income. Miller v. Commissioner,237 F. 2d 830, 838 (5th Cir. 1956); Reaves v. Commissioner,31 T.C. 690, 717 (1958), affd. 295 F. 2d 336 (5th Cir. 1961). The bank deposits method of reconstructing income has been approved by this Court. E.g., Estate of Mary Mason v. Commissioner,64 T.C. 651 (1975), affd. 566 F. 2d 2 (6th Cir. 1977); Jones v. Commissioner,29 T.C. 601 (1957). Once the respondent has determined that bank deposits constitute income, the taxpayer bears the burden of proving that the determination is erroneous. Hague Estate v. Commissioner,132 F. 2d 775, 776 (2d Cir. 1943), affd. 45 B.T.A. 104 (1941), cert. denied 318 U.S. 787 (1943); Estate of Mary Mason v. Commissioner,supra at 657; Jones v. Commissioner,supra at 613-614. Although petitioners *108 on brief argued that their records adequately reflect gross income, they failed to offer those records into evidence. Moreover, at trial, Leon Gersten admitted that he maintained inadequate records. Furthermore, no evidence was offered to prove that respondent's reconstruction of petitioners' income was erroneous. Accordingly, we sustain respondent on this issue. Issue 4: Section 6653(a)
Respondent determined that part of the underpayments of tax for 1973 and 1974 was due to negligence or intentional disregard of rules and regulations and asserted the addition to tax under section 6653(a). The burden of proving that the imposition of the addition to tax is erroneous rests upon petitioners. Ma-Tran Corporation v. Commissioner,70 T.C. 158, 172-173 (1978); Enoch v. Commissioner,57 T.C. 781, 802 (1972). Petitioners argue that the section 6653(a) addition to tax should not be imposed because their underpayments resulted from inadequate services rendered to them by their accountant. It is clear, however, that petitioners cannot avoid the duty to file accurate returns simply by shifting the responsibility to an agent. Enoch v. Commissioner,supra at 802; *109 American Properties, Inc. v. Commissioner,28 T.C. 1100, 1116 (1957), affd. per curiam 262 F. 2d 150 (9th Cir. 1958). Petitioners must establish that they at least supplied the correct information to their accountant and that the incorrect returns were due to the accountant's errors. Ma-Tran Corporation v. Commissioner,supra at 173; Pessin v. Commissioner,59 T.C. 473, 489 (1972); Enoch v. Commissioner,supra at 803. The record contains no evidence showing that petitioners supplied the correct information to their accountant. Moreover, the record indicates that the underpayments were largely the result of the inadequate records maintained by Leon Gersten. Accordingly, since petitioners have failed to meet their burden of proof, we find for respondent on this issue. To reflect the forgoing, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. The parties have stipulated that the disallowed portions of the freelance labor expense deductions included payments of $1,262 and $1,111 in 1973 and 1974, respectively, to Carole Gersten which were not reported by petitioners as income. Clearly, under these circumstances, petitioners are not entitled to deduct these payments.↩