T.C. Memo. 1998-208

UNITED STATES TAX COURT

SHARIF M. AND AMAL BATTIKHI, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26471-96.                    Filed June 16, 1998.

Sharif M. Battikhi and Amal Battikhi, pro se.

Gretchen A. Kindel, for respondent.

MEMORANDUM OPINION

COLVIN, Judge: This matter is before the Court on
respondent's motion for summary judgment. For reasons stated
below, we grant respondent's motion.

Respondent determined a deficiency in petitioners' Federal
income tax for 1992 of $8,758 and determined that petitioners are
liable for the accuracy-related penalty for negligence under

section 6662(a) in the amount of $1,752. Neither party requested a hearing and we conclude that none is necessary to decide respondent's motion.

References to petitioner are to Sharif M. Battikhi. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioners are married and lived in San Diego, California, when they filed their petition.

In the notice of deficiency, respondent determined that petitioner received $34,824 in unreported income in 1992. After concessions, respondent now contends that petitioner received $28,887.90 in unreported income in 1992.

About 5 months before trial, we served the parties with notice setting this case for trial at a session in San Diego. Soon thereafter, respondent asked petitioners to provide information and invited them to attend a pretrial conference. Petitioners did not respond to that letter. Respondent also gave petitioners a copy of their monthly bank statements for 1992 and a copy of the revenue agent's bank deposits analysis showing how the agent reconstructed petitioners' income.

Respondent invited petitioners to attend pretrial conferences three other times. Petitioners did not attend any of them. Instead, petitioners gave affidavits to respondent to

support their position.  Petitioners contended that some of the bank deposits were nontaxable because petitioners wired the amounts to orphans in the Middle East.  However, petitioners gave no documents to respondent to corroborate this claim, and the affidavits were inconsistent with the bank statements in amounts and dates.  The bank statements did not show that any of the amounts had been wired.

Respondent filed a request for admissions and mailed it to petitioners about 3 months before the case was calendared for trial.  Paragraphs 1 through 26 requested admissions about petitioner's self-employment, residence, 1992 tax return, and bank account activity, and an admission that they made no nontaxable deposits in their bank accounts other than those identified by respondent.  Paragraphs 27 through 41 requested admissions about the total amount that petitioners deposited in all of their bank accounts, that the total amount was compensation to petitioner, and that petitioners failed to report compensation due to negligence.  Petitioners did not respond to respondent's request for admissions.  Each statement in a request for admissions served on a party is deemed admitted unless a response is served on the requesting party within 30 days after service of the request.  Rule 90(c).  Thus, petitioners are deemed to have admitted respondent's requests for admission.

Petitioners moved without explanation to withdraw the deemed admissions more than 2 months after respondent filed and served

the request, and about 1 month before trial. Petitioners'
accountant helped them to prepare their motion. Petitioners did
not deny receiving the request for admissions. In their motion,
petitioners admitted paragraphs 1 through 26 of respondent's
request for admissions and denied paragraphs 27 through 41.
Petitioners offered no explanation for their admissions or
denials. We denied petitioners' motion.

In the request for admissions, respondent stated that
petitioner is self-employed as a "Cheikh, or man of the cloth, at
a mosque in San Diego, California." Petitioners admitted the
truth of that statement.

Petitioners did not attend the calendar call.

### Discussion

A. Petitioners' Deemed Admissions

Petitioners did not respond to respondent's request for
admissions within 30 days after respondent served the request for
admissions or explain why they did not.

Rule 90(c) provides:

> (c) Response to Request: Each matter is deemed
> admitted unless, within 30 days after service of the
> request or within such shorter or longer time as the
> Court may allow, the party to whom the request is
> directed serves upon the requesting party (1) a written
> answer specifically admitting or denying the matter
> involved in whole or in part, or asserting that it
> cannot be truthfully admitted or denied and setting
> forth in detail the reasons why this is so, or (2) an
> objection, stating in detail the reasons therefor. The
> response shall be signed by the party or the party's
> counsel, and the original thereof, with proof of
> service on the other party, shall be filed with the

Court.  A denial shall fairly meet the substance of the requested admission, and, when good faith requires that a party qualify an answer or deny only a part of a matter, such party shall specify so much of it as is true and deny or qualify the remainder.  An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless such party states that such party has made reasonable inquiry and that the information known or readily obtainable by such party is insufficient to enable such party to admit or deny.  A party who considers that a matter, of which an admission has been requested, presents a genuine issue for trial may not, on that ground alone, object to the request; such party may, subject to the provisions of paragraph (g) of this Rule, deny the matter or set forth reasons why such party cannot admit or deny it.  An objection on the ground of relevance may be noted by any party but it is not to be regarded as just cause for refusal to admit or deny.

Petitioners' responses in their motion to withdraw deemed admissions did not comply with Rule 90(c) because they were late and parts of their blanket denial of requests 27 through 41 are inconsistent with their admission of requests 1 through 26.  For example, petitioners admit the total amount they deposited in each bank account but deny the total for all bank accounts.  They admit that Exhibit A is a copy of their 1992 income tax return but deny the amount they report on Schedule C, which is attached to Exhibit A.  Petitioners did not explain why they responded to the requests for admissions late and inconsistently.  We deemed petitioners to have admitted each matter in respondent's request for admissions.  Rule 90(c), (f).

Petitioners admit the following facts.  Petitioner is a self-employed "Cheikh, or man of the cloth,"[1] in San Diego, California.  During 1992, he received compensation for his services in that capacity.  During 1992, petitioners had checking and savings accounts at Wells Fargo Bank.  Petitioners also had a checking account at Bank of America in 1992.  They had no other bank accounts.  We deem the following facts to be admitted.  Petitioners deposited in their bank accounts a total of $28,887.90, all of which was compensation to petitioner for his services in 1992.  Petitioners received but did not report $36 in interest income in 1992.  Petitioners reported gross receipts of $7,255 from petitioner's business on Schedule C of petitioners' income tax return for 1992.

B.   Summary Judgment

We may grant summary judgment if the pleadings, answers to interrogatories, depositions, admissions, affidavits, and any other acceptable materials show that there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988).  Summary judgment is appropriate where, as a result of facts deemed admitted under Rule 90(c), there is no genuine issue of material fact.  Marshall

---

[1]The record does not describe petitioner's position further.

v. Commissioner, 85 T.C. 267, 272 (1985); Morrison v. Commissioner, 81 T.C. 644, 651 (1983).

We conclude that there are no genuine issues of material fact and that respondent is entitled to a decision as a matter of law on the issue of petitioners' unreported income. Rule 121(b). We sustain the determination, reduced as conceded by respondent, and hold that petitioners received but did not report $28,887.90 as income for petitioner's services as a religious official in 1992.

C.   Whether Petitioners Are Liable for the Accuracy-Related Penalty Under Section 6662(a)

Respondent determined that petitioners are liable for the accuracy-related penalty for negligence for 1992 under section 6662(a).

Taxpayers are liable for a penalty equal to 20 percent of the part of the underpayment to which section 6662 applies. Sec. 6662(a). For purposes of section 6662(a), negligence includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c). The accuracy-related penalty under section 6662(a) does not apply to any part of an underpayment if the taxpayer shows that there was reasonable cause for that part and that the taxpayer acted in good faith. Sec. 6664(c)(1).

Petitioners did not argue that they are not liable for the accuracy-related penalty in their response to respondent's motion

for summary judgment.  We treat this as a concession by petitioners.  <u>Rothstein v. Commissioner</u>, 90 T.C. 488, 497 (1988); <u>Reaves v. Commissioner</u>, 31 T.C. 690, 722 (1958), affd. 295 F.2d 336 (5th Cir. 1961).  Also, respondent asked petitioners to admit that they were negligent with respect to the entire underpayment. In their motion to withdraw deemed admissions, which was filed more than 2 months after respondent filed and served the request for admissions, petitioners denied they were negligent.  However, we deem admitted that petitioners were negligent with respect to the entire underpayment.

We conclude that petitioners are liable for the accuracy-related penalty for 1992 under section 6662(a) for negligence and that all of the deficiency is due to negligence.

To reflect respondent's concession and the foregoing,

<u>An appropriate order</u>
<u>and decision will be</u>
<u>entered for respondent</u>.