F. W. DARLING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34387.    Promulgated March 20, 1930.

*W. L. Elkins, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, and *F. L. Van Haaften, Esq.*, for the respondent.

338

## OPINION.

LOVE: That petitioner suffered a loss in the full amount of $40,000 may be conceded, as there is ample evidence to substantiate that fact.

The pertinent statute involved here is section 214 (a) (5) of the Revenue Act of 1924 (this deal not being connected with the trade or business of petitioner) which section provides as follows:

SEC. 214. (a) In computing net income there shall be allowed as deductions:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; \* \* \*

That the loss here claimed was incurred and completely consummated not later than 1918, seems clear and uncontrovertible from the evidence in the case. Petitioner's investment was in the stock of the corporation. The corporation, for a period of 12 years prior to 1918, had operated at a loss every year. No dividends had been paid; no profits had been realized. The business had declined to such an extent that all the stockholders had abandoned hope, and a strenuous effort was made to sell the wreckage at some salvage price. That effort was futile. The corporation was in debt to an extent of at least $4,300, evidently an amount in excess of the salvage value of all assets of the corporation. The stock had absolutely no value and was so regarded by all parties concerned. The statute prescribes that losses sustained *during the taxable year* shall be allowed. The taxable year in this case is 1924. The loss certainly did not occur in 1924. The lack of value in that stock in 1918 was then a demonstrable, if not a demonstrated, fact.

Petitioner urges the defense that he wanted to take the deduction in 1918, but was deterred from doing so by the advice of the revenue agent, who stated that he was not then entitled to the deduction. Being guided by unwise advice, from whatever source, can not mitigate the effect and force of the mandate of the statute.

*Judgment will be entered for the respondent.*