Estate of Cato Noonan, Lawrence B. Noonan, Executor [1] v. Commissioner. Estate of Noonan v. Commissioner
Docket No. 5248-66.
United States Tax Court
T.C. Memo 1969-70; 1969 Tax Ct. Memo LEXIS 226; 28 T.C.M. (CCH) 388; T.C.M. (RIA) 69070; April 14, 1969, Filed *226 C.N., while employed as a policeman, undertook a general college education majoring in philosophy. Held: Amounts expended for such education are personal expenses, not deductible expenses of carrying on a trade or business. Charles V. Falkenberg, Jr., for the petitioner. James E. Caldwell, for the respondent. SIMPSON
Memorandum Findings of Fact and Opinion SIMPSON, Judge: The respondent determined a deficiency of $340.86 in the 1963 income tax of Cato Noonan. The only issue remaining for decision is whether Cato Noonan was entitled to deduct certain *227 educational expenses. Findings of Fact Some of the facts have been stipulated, and those facts are so found. Cato Noonan resided in Chicago, Illinois, at the time the petition was filed in this case. He filed his 1963 Federal income tax return with the district director of internal revenue, Chicago, Illinois. From 1932 through the date of trial, Mr. Noonan was a member of the Chicago Police Department. As a policeman, he was subject to various duty assignments in the discretion of the department. During the year 1963, he was assigned to the Warrants Division, Traffic Court, Municipal Court of Chicago. This division was concerned with the issuance of warrants for traffic violations. In 1963, Mr. Noonan was enrolled in De Paul University as a philosophy major. During that year, he expended $1,165.34 on tuition and books for the following courses: 389 Department
Course
Political Science
History of American Poli- tical Parties
Philosophy
Philosophical Psychology
English
Introduction to the Plays of Shakespeare
Physics
Physical Science I
Physics
Physical Science II In February 1965, Mr. Noonan obtained a Bachelor of Philosophy degree from De Paul *228 University, and thereafter entered John Marshall Law School. The Chicago Police Department did not have in effect during the year 1963 an order requiring policemen to attend college as a condition to the retention of their salary, status, or employment. However, starting in July 1963, the department did have in effect an order that encouraged policemen to attend colleges and universities. Mr. Noonan's educational activities since 1929 included the following: Schools
Years ofAttendance
Loyola University
1929-1931
Central YMCA College
1930
Crane Junior College
1930
De Paul University College of Law
1940-1941
Crane Junior College
1956-1957
Amundsen Junior College
1957-1962
De Paul University
1961-1964
John Marshall Law School
unknown
Chicago Police Department Courses
1965-1967
Northeastern State College
1968
Opinion The issue presented is whether the petitioner's educational expenses may be deducted as a business expense under section 162(a) of the Internal Revenue Code of 1954[2] and the regulations thereunder. In James A. Carroll, 51 T.C. 213 (1968), *229 on appeal (C.A. 7, Jan. 29, 1969), we were confronted with a very similar factual situation and held that a policeman could not deduct as an educational expense the cost of a general college education. We found that such an education was inherently personal in nature and therefore its costs were nondeductible by virtue of section 262. Additionally, in Carroll no proximate relationship existed between the course of study undertaken and the skills required in employment. The petitioner has attempted to show that Mr. Noonan's courses at De Paul were an integral and necessary part of a more general educational program, which included some courses directly related to his employment; but it has not been established that the De Paul courses were necessary or helpful in the job-related training that he did receive. The facts in this case are not significantly different than those in the Carroll case, and consequently, we hold that Mr. Noonan's educational expenses are not deductible. The petitioner argues that even if the courses Mr. Noonan took in 1963 were not directly related to his job skills, expenses incurred therefor should nevertheless be deductible since his undergraduate study *230 was prerequisite to his entering John Marshall Law School, and since the studies in the law school were directly beneficial to his work as a policeman. See Campbell v. United States, 250 F. Supp. 941, 945 (E.D. Pa. 1966). No evidence has been offered to prove that Mr. Noonan's 1963 courses were a prerequisite to his attending law school; nor has it been shown that in this case the legal studies would have a sufficiently direct and substantial relationship to his work to be deductible. Lawrence H. Bakken, 51 T.C. 603, 611 (1969). However, even if these matters were established, it is doubtful that the petitioner would prevail. We pointed out in the Carroll case that many expenses vital to income-producing activities are not deductible if such expenses are inherently personal in nature. A general college education, although a necessary prerequisite to entering law school, is nonetheless an inherently personal expense and not deductible. The petitioner makes the additional argument that the respondent is estopped from disallowing the educational expense deduction since Mr. Noonan was orally advised by an agent of the respondent that such expenses were deductible. *231 However, such oral advice by an agent is not binding on the respondent. Darling v. Commissioner, 49 F. 2d 111, 113 (C.A. 4, 1931), affg. 19 B.T.A. 337 (1930), cert. denied 283 U.S. 866 (1931); Wilkinson v. United States, 304 F. 2d 469, 474-475 (Ct. Cl. 1962); Alfred Fortugno, 41 T.C. 316, 323-324 (1963), affd. 353 F. 2d 429 (C.A. 3, 1965), cert. dismissed 385 U.S. 954 (1966); sec. 601.201(k), Statement of Proced. Rules. In order to reflect the agreement of the parties as to other items in the notice of deficiency, Decision will be entered under Rule 50. 390 Footnotes
1. On July 16, 1968, after the trial of this case, the original petitioner herein, Cato Noonan, died. On August 16, 1968, Lawrence B. Noonan was duly appointed and qualified as the executor of the Estate of Cato Noonan, Deceased.↩
2. All statutory references are to the Internal Revenue Code of 1954.↩